Case number 23-5004, Assassination Archives and Research Center, Appellants v. United States Department of Justice. Mr. McClanahan for the appellants, Ms. Johnson for the affiliate. Mr. McClanahan, good morning. I heard someone say my name, but I couldn't tell who it was. Oh, okay, hi. That's me. Sorry about that. I didn't see your lips move, and so there was a little confusion. Good morning, your honors. Kel McClanahan for the AARC in this case. I think that this case is best understood by first addressing what it's not about and what decisions the district court did not make. They were saying they should have made. The district court did not make any of the following calls on the merits. That AARC was not entitled to a fee waiver. That the FBI assessed reasonable fees. That an Open America motion was not required. That the FBI conducted an adequate search for the requests in counts two and three. That the FBI properly withheld material from any count. Or that count one was partially not a reasonable request because it was unduly burdensome. This was the evidence the FBI did not offer. That it conducted any adequate searches. That it made any proper withholdings. Or that any part of count one was an improper request. These are the decisions that the district court did make. They were challenging. First, that a heart attack, a COVID shutdown, and the birth of my now youngest child were not good cause for extensions. That needing to research arguments and write a brief and consult with other experts was good cause for the DOJ lawyers extensions. That needing supervisory approval for briefs was good cause for the DOJ lawyers extensions. That not paying $52.50 of disputed fees warranted the full dismissal of a case. And that filing a reply late disgrounds for dismissal of the underlying motions despite the fact that there were four briefs on the record. That's what we're talking about. This is a case that should have been fairly straightforward. It should have been a case where the FBI filed their motion that showed that they had properly denied a fee waiver. Filed a motion showing that they were properly assessing fees. We would have opposed it. Whether or not we would have won, that's up to the district court. That's up to this court. I have a question about what's really before us now. Because the end of that road, as you said, which is what we are reviewing on appeal, is a Rule 41B dismissal on the grounds of failure to comply with court order. And so if we were persuaded there's not an abuse of discretion at that point in dismissing the case for noncompliance with a court order, why would it matter if there were errors earlier in the case on the way to that result? Your Honor, I don't think that that is the only thing before you. I think that everything that we have challenged that were decisions on the merits, and I'm setting that apart from things like the fee waiver denial and the open America ruling that weren't really decided on the merits. But the procedural things you're talking about, each one of them led inexorably towards the end of the case. If the FBI had been required to go first, like FOIA case law dictates it should, then I would not have needed to go first. I would have needed to try to mine the president of AARC for information about what he thought the FBI might have been thinking of when it made its decision in the absence of a record. Yes, ma'am. No, excuse me. Oh, sorry. If the district court... Typically, let me, I just want to, and I just want to understand why this isn't the right way to think about this. You might have had good grounds to disagree with a lot of things that happened earlier in the case. But when you receive a court order that you disagree with, you still have to comply with it, preserve your rights to appeal and all of that sort of thing. One thing you can't do under Rule 41B is just disregard it. And as I understand it, that's what the district court thought had occurred here when the fees weren't paid in February and then again in September. And then we get the government's motion to dismiss. And there's not a response to that. It's hard for me to see how we could then conclude that the dismissal was an abuse of discretion. If you accept the premise that you're setting forth, that it was a court order to pay the fees, that could lead to the conclusion you're talking about. That an unwillingness to pay the fees would trigger a violation of an order. That's not how we see it, though. We see it as the judge could not have assessed the fees, could not have told us to pay the fees without first saying that they were properly assessed. And that by ordering us to pay fees, and more importantly, by dismissing the case for failure to pay fees without first finding that the fees were proper, that was reversible error. And on the bigger point, that even if it was worthy of a sanction, even if it was worthy of something, you violated my order, you did not pay the fees. The proportionality comes into question, where every step of the way, everything that we're appealing here, not everything that we're appealing, but the latter few steps that we're appealing here, we're all grossly disproportionate to the misconduct that we are being alleged to have done, where I filed a motion to file a reply brief. It violated the court's standing order, I understood that. I could have properly been sanctioned for that. A proper sanction of that would have been something like, I will not accept the reply brief. A proper sanction is not, I will therefore dismiss the two motions that have already had an initial brief and an op-ed brief. And from that point forward, everything that happened was a sledgehammer of a sanction to a small procedural misconduct, even if we accept that everything I did was wrong. Well, what about the perspective of the district court judge, in terms of this was a matter that had been going on for some time, and it was back and forth. Then there was a period when the FBI started turning things over. You started paying fees. The FBI turned over some more documents, you paid fees, and it went back and forth for a while until, and tell me if I'm wrong, that there was $53 or $53 left, and there were some more pages to be turned over to you. And the judge issued several orders, and there was no response, and he dismissed the case. And from the, tell me if I'm wrong, from the district court's point of view, you were on notice that the case would be dismissed if you didn't pay the fees, and nothing was filed before the court. In other words, you more or less had ignored the judge at that point. That is not correct, Your Honor. I see where you could have drawn that conclusion, but that's not actually how it played out. Okay. The warning that you're talking about, and first of all, to go back to there was only $52.50 left, there were still about 36 months' worth of records that had yet to be turned over. And so this was not an argument over I've paid everything but $52.50. This was an argument over we stopped paying monthly fees every time the FBI sent us records because we were challenging the propriety of the fees we were filing these motions. So that's the first part that it, you know, there was still the prospect of hundreds of dollars of fees in our future. The second thing, though, is that regarding that we were on notice that it would be dismissed if we didn't pay the fees, that's not entirely accurate. What we were on notice of and what the judge did basically invite the DOJ and the FBI to do is if we did not pay the fees, brief why not paying the fees was not ground to stop the processing, which would have stopped the processing of that request in count one and led to summary judgment briefing about the searches, about the withholdings from the records they've already done, about the propriety of the request. All of that stuff would have happened after the FBI briefed the issue of they stopped paying fees so we should be allowed to stop producing records. Let me just be clear. You were never under notice that the cases were subject to being dismissed? Not until the very end that the final round of briefing came out of the blue where the judge, after he ruled because the motion the FBI filed was they have not paid the fees. We should be allowed to stop producing records. That was what we expected would happen. I opposed it, and when I opposed it, that's when I said they can't charge these fees because it was not reasonably – the reasonable fees, they did not grant our fee waiver, et cetera, et cetera. The judge dismissed that, overruled my challenges, granted the FBI's motion saying, okay, now brief whether or not this needs to be dismissed in its entirety. That came from nowhere. So you had an opportunity to file a pleading in response to your information about pending dismissal? We did, and we did not file anything. I do concede. We did not file the final brief against dismiss because based on the judge's previous holdings and how our previous briefs had been ignored, there was nothing we could argue on. When the judge said file a motion to dismiss based on – in its entirety based on refusal to do this, there was nothing we could contest because we did not pay the fees because we were still contesting that the fees were proper in the first place. And we ran the risk of it being denied, but that was the only way to get any of this reversed and to get it before you. All right. Your time is up. All right. Ms. Johnson. Good morning. May it please the court. Good morning, your honors. My name is Stephanie Johnson. I'm here on behalf of the government. Absent a fee waiver, AARC was required to pay the reasonable duplication fees under FOIA. The district court properly granted partial summary judgment and ordered AARC to pay the outstanding balance by a date certain. AARC chose and failed to pay the outstanding balance and the court within its discretion dismissed this case with prejudice under Rule 41B and it was unopposed by AARC. Your court, as you know, I'm sure, has precedent talking about all other options about sanction are supposed to be exhausted before a case is dismissed. Are you familiar with that case law? Yes, your honor. And I'm also familiar with this circuit also saying that the court does not have to choose the less severe option. And in this particular case, that's not what's been on the books of this circuit for years. So maybe that is one case. But I just want to be clear. Did you think that other options had been exhausted by the district court? I think in this case, the court put plaintiff or AARC on notice multiple times, warned AARC multiple times that had violated previous orders and that if they continue to violate orders, I mean, I guess it's reasonable to assume that there would be consequences. But our court, with this one exception you cited to me now, and you can give me the site to it. Other options are supposed to be exhausted before a case is dismissed. Your honor, in this particular case, the court ordered AARC to pay the outstanding balance. AARC did not pay that outstanding balance. The court then again ordered AARC to pay the outstanding balance and warned AARC in the order that the case could potentially be dismissed. AARC chose not to respond to the government's motion to dismiss, even though we requested in our motion to dismiss that the case be dismissed with prejudice. And it's also presumed under 41B, if the court does decide to dismiss the case under 41B, that it could be dismissed with prejudice. AARC chose not to put in a response or any opposition to our motion to dismiss. And so without opposition, the court in the government's position, I mean, in the government's opinion, did properly dismiss this case absent any opposition from AARC. So the court did give AARC an opportunity to pay the outstanding balance at least twice, and they chose not to pay. And they also chose not to oppose our motion to dismiss. So in order to move the case along, the only option left for the court is to dismiss the case. If the court has no further questions for the government, we would request that the court affirm the decision below. Thank you. Thank you. All right. Judge Garcia, do you have any questions? No. All right. Judge Rogers, do you have any questions? All right. Your case is submitted.
judges: Henderson, Garcia, Rogers